IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

FREDERICK MUTUAL INSURANCE CO.
57 Thomas Johnson Drive
Frederick, MD 21702

    Plaintiff,

v.

ZAC DRAY, Individually, and d/b/a
YOU NAME IT CONTRACTING
125 Rolling Valley Lane
Butler, PA 16001

DAVID HOGUE, Individually, and d/b/a
YOU NAME IT CONTRACTING
125 Rolling Valley Lane
Butler, PA 16001

KENNETH ANDERSON, Individually, and d/b/a
YOU NAME IT CONTRACTING
125 Rolling Valley Lane
Butler, PA 16001

NATHANIEL and NAINA GREEN
153 Meridan Street
Pittsburgh, PA 15211

and

UNION HOME MORTGAGE CORP.
8241 Dow Circle W.
Strongsville, OH 44136

    Defendants.

CIVIL DIVISION

CASE NO.

## COMPLAINT FOR DECLARATORY JUDGMENT

    AND NOW comes the Plaintiff, Frederick Mutual Insurance Company, by and through its counsel Pion, Nerone, Girman, Winslow & Smith, P.C., and Michael F. Nerone, Esquire, and files this Complaint for Declaratory Judgment, in support of which it avers the following:

1. Plaintiff, Frederick Mutual Insurance Company, is a Maryland corporation which maintains its principal place of business in Frederick, Maryland.

2. Defendant, Zacc Dray, is an adult individual who resides in Pennsylvania and who trades and does business as You Name It Contracting with his principal place of business at 125 Rolling Valley Lane, Butler, PA 16001.

3. Defendant, David Hogue, is an adult individual who resides in Pennsylvania and who trades and does business as You Name It Contracting with his principal place of business at 125 Rolling Valley Lane, Butler, Pa 16001.

4. Defendant Kenneth Anderson, is an adult individual who resides in Pennsylvania and who trades and does business as You Name It Contracting with his principal place of business at 125 Rolling Valley Lane, Butler, PA 16001.

5. Defendants Dray, Hogue and Anderson are hereafter collectively referred to as "You Name It."

6. Defendants, Nathaniel and Naina Green, (collectively referred to as "Defendant Greens" or "Greens") based upon information and belief are adult individuals who reside at 153 Meridan Street, Pittsburgh, Allegheny County, Pennsylvania and who are Plaintiffs in an underlying action they filed in the Court of Common Pleas of Allegheny County, Pennsylvania at GD No. 19-007408.

7. Defendant, Union Home Mortgage Corp, (referred to as "Bank") is, based upon information and belief, an Ohio corporation with its principal place of business in Strongsville, Ohio. Union Home Mortgage is a Defendant in the above referenced underlying action.

8. There is complete diversity of citizenship between Plaintiff and the Defendants.

2

9. This matter presents a case of actual controversy mandating adjudication of coverage issues raised by the allegations of the underlying action in conjunction with a Policy of insurance issued by Plaintiff to You Name It.

10. Defendant Greens entered into a construction contract with "You Name It Contracting" dated May 22, 2017 providing for You Name It to perform renovations to the Greens' residence.

11. Defendant Greens were not satisfied with the work of You Name It and filed the above referenced civil action against the other Defendants. A copy of the Greens' Complaint in the underlying action is attached hereto as Exhibit A.

12. Defendant Greens' original Complaint against You Name It asserted no negligence claims against You Name It but rather asserted counts for breach of contract, violation of the Pennsylvania Home Improvement Consumer Protection Act and Unfair Trade Practices and Consumer Protection Law, common law fraud, and conspiracy to extort.

13. In Count I of the original Complaint, the breach of contract claim asserted: that You Name It abandoned the construction project and refused to return and complete the work under the Construction Contract; that You Name It submitted falsified and fraudulent invoices for 70% of the price when only 30% of the work had been performed; that You Name It provided defective and sub-standard work and work that had to be corrected and re-done to conform to building codes; You Name It required the Greens to supply materials included in the contract; You Name It failed to obtain necessary building permits; You Name It falsely represented that building permits had been obtained; and failed to continue work on the project without justification or explanation.

14. As damages for the claims in Count I, Defendant Greens asserted that You Name It was overpaid in excess of $40,000 for work it did not complete; the Greens' incurred substantial

3

cost of repairing and re-doing defective and non-code compliant work; the Greens' incurred costs of repairing or replacing portions of the home and fixtures damaged by water and the environment when You Name It abandoned the project during winter leaving the home without heat, electricity, plumbing or an adequate roof building envelope; incurred excess costs associated with bringing in a completion contractor to correct defective work and unperformed work; incurred costs of insurance required by Defendant Bank on the building; incurred hours of their own labor completing contracted work; paid rent for a temporary residence while the home remained uninhabitable; incurred costs of removal of graffiti and debris left by You Name It; sustained a loss of use and enjoyment of the home and emotional distress.  See original Complaint and Amended Complaint at ¶ 52.

15. In Count II of the original Complaint for violation of Home Improvement Consumer Protection Act and Unfair Trade Practices and Consumer Protection Law, Defendant Greens asserted You Name It committed "home improvement fraud" by multiple alleged acts of intentional fraud.

16. As damages for the claims in Count II, Defendants Greens allege entitlement to punitive damages in the form of treble damages and attorney's fees.

17. In Count III of the original Complaint for fraud, Defendant Greens asserted You Name It perpetrated intentional fraud through which You Name It submitted falsified invoices, obtained overpayments and then refused to perform the agreed upon work without a new commitment from the Greens to pay more than the contractually agreed upon price.

18. As damages for the claims in Count III, Defendant Greens allege economic loss of more than $40,000 of funds.

19. In Count IV for Conspiracy, Defendant Greens assert that You Name It and the Bank improperly acted in concert, establishing "back-channel" communications through which You Name It was able to intentionally and wrongfully "extort" sums over and above the contract price.

20. As damages for the claims in Count III, Defendant Greens allege the same damages claimed in Count I for breach of contract and outlined in Paragraph 13 above.

21. You Name It tendered its defense and indemnification of Defendant Greens' claims to Frederick Mutual under Policy No. APP2140301 which provided commercial general liability coverage with a term from March 18, 2017 to March 18, 2018.

22. Frederick Mutual denied coverage after analyzing the original Complaint and subsequently issued a reservation of rights after analyzing the Amended Complaint dated September 16, 2019. See Exhibit B.

23. Frederick Mutual is defending You Name It subject to its reservation of rights.

24. Defendant Greens' Amended Complaint is identical to the original Complaint but also includes an additional count against You Name It for negligence. A copy of the Greens' Amended Complaint is attached as Exhibit C.

25. In their negligence Count, the Greens recast the identical allegations as asserted in their breach of contract claims specifically alleging:

> 85. Defendant Contractors extra contractual and negligent wrongdoing, including abandoning the Home after installing a defective leaking roof, placing graffiti on the property and leaving construction debris and other trash or waste in and outside the Home proximately caused the Greens to sustain property damage.
>
> 86. That property damage included water damage to newly purchased kitchen cabinets and other construction materials and portions of the home, alteration of the Home through defective and/or non-code complaint work

5

that had to be remediated before construction work could again commence and graffiti, trash and construction debris that also had to be remediated.

87. Defendant Contractors' extra contractual and negligent wrongdoing has further proximately caused the Greens to suffer personal injuries including:

    a. Activation of Mrs. Green's allergies to mold and dust for which she must now take prescription medication and use an inhaler;

    b. Insomnia;

    c. Numbness in Mr. Green's hands as well as back pain and numerous cuts and resulting scars incurred during his efforts to mitigate further physical damage to his Home and provide his family with a place to live; and

    d. Anxiety and depression.

26. Frederick Mutual issued commercial general liability coverage to You Name It in Policy No. APP2140301 ("Policy"). The Policy had a coverage period from March 18, 2017 to March 18, 2018. A copy of the Policy is attached as Exhibit D.

27. The Policy provides coverage for property damage and bodily injury subject to the terms and provisions, stating in part:

> "We pay all sums which an "insured" becomes legally obligated to pay as "damages" due to "bodily injury" or "property damage" to which this insurance applies. The "bodily injury" or "property damage" must be caused by an "occurrence" which takes place in the "coverage territory", and the "bodily injury" or "property damage" must occur during the policy period.

28. The Policy defines an "occurrence" as:

> **an accident**, including continuous or repeated exposure to similar conditions. An "occurrence" also includes **an accident**, including continuous or repeated exposure to similar conditions, that causes "property damage" to "your work" if the damage to the work or the part of the work or the part of the work out of which the damage arises was performed on your behalf by a subcontractor and the "property damage" to "your work" is included in the "products/completed work hazard."
> (Emphasis added.)

6

29. None of the work performed under the contract was done by subcontractors.

30. Under Pennsylvania law, coverage is not owed under a commercial general liability policy arising from faulty workmanship.

31. The Policy defines property damage, stating:

a. physical injury or destruction of tangible property; or

b. the loss of use of tangible property whether or not it is physically damaged. Loss of use is deemed to occur at the time of the "occurrence that caused it.

32. The Policy defines bodily injury, stating:

bodily harm, sickness, or disease sustained by a person and includes required care and loss of services. "Bodily injury" includes death that results from bodily harm, sickness, or disease. "Bodily injury" **does not include mental or emotional injury, suffering, or distress that does not result from a physical injury.**
(Emphasis added.)

33. The Policy expressly excludes coverage for contractual liability, stating:

"We" do not pay for "bodily injury", "property damage", "personal injury", or "advertising injury" liability which is assumed by the "insured" under a contract or an agreement.

34. The contractual liability exclusion contains certain exceptions, none of which are applicable to the Greens' claims.

35. The Policy expressly excludes coverage for expected, intentional or intended bodily injury and/or property damage, stating:

"We" do not pay for "bodily injury" or "property damage":

a. which is expected by, directed by, or intended by the "insured"; or
b. that is the result of intentional and malicious acts of the "insured".

36. The Policy expressly excludes coverage for pollution, stating:

7

> We do not pay for:
>
> a. "bodily injury" or "property damage" arising out of the actual, alleged, or threatened discharge, dispersal, seepage, migration, release, or escape of "pollutants":
>
> ***
>
> 4) at or from any premises, site, or location where any "insured" or any contractor or subcontractor, directly or indirectly under "your" control, is working:
>
> > a) if the "pollutants" are brought on or to the premises, site, or location in connection with such work by such "insured", . . .
> >
> > b) any loss, cost or expense arising out of any:
> >
> > > 1) Request, demand, or order that any "insured" or others test for, monitor, clean up, remove, contain, treat, detoxify, neutralize, or in any way respond to or assess the effects of "pollutants" . . . .

37. The Policy expressly excludes coverage for property damage arising out of the insured's work, stating:

> 5. "We" do not pay for "property damage" to that specific part of real property on which work is being performed by:
>
> a. "you"; or
>
> b. a contractor or subcontractor working directly or indirectly on "your" behalf, if the "property damage" arises out of such work. . . .
>
> 6. "We" do not pay for "property damage" to that specific part of any property that must be restored, repaired, or replaced because of faults in "your work". . . .

38. The Policy expressly excludes coverage for property damage to products, stating:

> "We" do not pay for "property damage" to "products" if the damage arises out of the "products" or their parts.

39. The Policy expressly excludes coverage for delay or abandonment of work, stating:

"We do not pay for "property damage" to property that has not been physically injured or destroyed, or to "impaired property", that arises out of:

a. a delay or failure to perform a contract by "you" or one acting on "your" behalf; or

b. a defect, deficiency, inadequacy, or unsafe condition in "your work" or "products".

40. The Policy defines "impaired property," stating:.

Impaired property means tangible property (other than "products" or "your work"):

a. whose value has been decreased:

1) because it includes "prducts" or "your work" that is, or is believed to be, deficient or dangerous; or

2) because "you" failed to carry out the terms of a contract; and

b. whose value can be restored:

1) by the repair, replacement, adjustment, or removal of "products" or "your work"; or

2) by "your" fulfilling the terms of the contract.

41. The Policy does not cover property damage arising out of recall or need for repair of the insured's work and/or products, stating:

"We" do not pay for any loss or expense incurred by "you" or anyone else arising out of the loss of use, disposal, withdrawal, recall, inspection, repair, replacement, adjustment, or removal of (including any expenses involved in the withdrawal or recall) of "your work", "products", or "impaired property". This applies when the loss of use, disposal, withdrawal, recall, inspection, repair, replacement, adjustment, or removal was because of a known or suspected defect, deficiency, or unsafe condition.

42. By Endorsement AAIS GL-894 Ed 2.0, the Policy expressly excludes coverage for punitive and/or exemplary damages, stating: "We" do not pay for punitive, exemplary, or vindictive "damages".

43. By Endorsement AAIS AP 06890602, the Policy expressly excludes coverage for inhalation of mold or other air born irritants, stating:

> "We" do not pay for actual or alleged "bodily injury" or "property damage" or "personal injury" (or "advertising injury", when provided by this policy) that arises out of "your work" and that results directly or indirectly from ingestion of, inhalation of, physical contact with, or exposure to:
>
> a. wet rot; dry rot; a bacterium; a fungus, **including but not limited to mildew and mold**; or a protest, including but not limited to algae and slime mold; or
>
> b. chemical, matter, or a compound produced or released by wet rot, dry rot, a bacterium, a fungus, or a protist, including but not limited to toxins, spores, fragments, and metabolites such as microbial volatile organic compounds.
> (Emphasis added.)

44. The Policy requires that the insureds reimburse Frederick Mutual for defense costs incurred after Frederick Mutual gives written notice that the suit may not be covered and reserving its rights.

45. Frederick Mutual advised You Name It that coverage was not owed and has provided a defense subject to its reservation of rights.

### COUNT I
### NO OCCURRENCE/FAULTY WORKMANSHIP

46. Frederick Mutual incorporates the averments in Paragraphs 1 through 44 above as if the same were set forth herein at length.

47. The allegations asserted against You Name It in the Greens' Amended Complaint do not constitute an occurrence under the Policy. Therefore, coverage is not owed to You Name It for any of the claims asserted by the Greens.

48. The claims asserted against You Name It by the Greens are predicated upon faulty workmanship. Therefore, coverage is not owed to You Name It for any of the claims asserted by the Greens.

WHEREFORE, Plaintiff, Frederick Mutual Insurance Company respectfully requests that this Honorable Court enter judgment in its favor and issue the following declarations:

A. The Greens' claims against You Name It do not constitute an occurrence and therefore Frederick Mutual Insurance Company has no duty to defend and no duty to indemnify You Name It and/or any other party with respect to the Greens' claims;

B. The Greens' claims against You Name It arise out of faulty workmanship and therefore Frederick Mutual Insurance Company has no duty to defend and no duty to indemnify You Name It and/or any other party with respect to the Greens' claims;

C. You Name It Contracting, Zacc Dray, David Hogue, and Kenny Anderson shall reimburse Frederick Mutual for all defense costs and expenses incurred by Frederick Mutual in defense of You Name It Contracting, Zacc Dray, David Hogue, and Kenny Anderson in the underlying action asserted by the Greens; and

D. Such further and additional relief this Honorable Court deems just and appropriate.

## COUNT II
## CONTRACTUAL LIABILITY EXCLUSION

49. Frederick Mutual incorporates the averments in Paragraphs 1 through 47 above as if the same were set forth herein at length.

50. The Policy excludes coverage for contractual liability claims in the context of the Greens' underlying action.

51. Under Pennsylvania law, the theory alleged in an underlying action is not dispositive where, as here, the claimant's entire claim is predicated upon an underlying contract without which the alleged non-contractual claims would not exist, such non-contractual claims are similarly barred from coverage by the contractual liability exclusion.

52. Alternatively, even if coverage for all of the Greens' underlying claims is not barred by operation of the contractual liability exclusion, said exclusion bars coverage for the Greens' breach of contract claims (Count I) and those under the Pennsylvania Home Improvement Consumer Protection Act and Unfair Trade Practices and Consumer Protection Law (Count II).

WHEREFORE, Plaintiff, Frederick Mutual Insurance Company respectfully requests that this Honorable Court enter judgment in its favor and issue the following declarations:

A. The Greens' claims against You Name It are all predicated and dependent upon the existence of their contract with You Name It. Therefore, coverage is barred for all of the Greens' claims against You Name It by operation of the contractual liability exclusion and Frederick Mutual Insurance Company has no duty to defend nor any duty to indemnify.

B. Alternatively, coverage for the Greens' breach of contract and violation of the Pennsylvania Home Improvement Consumer Protection Act and Unfair Trade Practices and Consumer Protection Law claims is barred by the Policy contractual liability exclusion, and Frederick Mutual Insurance Company has no duty to indemnify any part for these claims asserted by the Greens.

C. Such further and additional relief as this Honorable Court deems just and appropriate.

## COUNT III
### EXPECTED OR INTENDED EXCLUSION

53. Frederick Mutual incorporates the averments in Paragraphs 1 through 51 above as if the same were set forth herein at length.

54. Pursuant to the allegations of the Greens' Amended Complaint all of the allegedly wrongful injury causing conduct claimed to have been perpetrated by You Name It was intentional.

55. As a result, the Policy exclusion for expected or intended conduct bars coverage for all of the Greens' claims.

56. Alternatively, the Policy expected or intended exclusion bars coverage for the Greens' claims requiring intentional conduct, including Count II for violation of the Pennsylvania Home Improvement Consumer Protection Act and Unfair Trade Practices and Consumer Protection Law, Count III for common law fraud, and Count V for conspiracy.

WHEREFORE, Plaintiff, Frederick Mutual Insurance Company respectfully requests that this Honorable Court enter judgment in its favor and issue the following declarations:

A. The Greens' claims against You Name It are all predicated upon alleged intentional and wrongful conduct of You Name It. Therefore, coverage is barred for all of the Greens' claims against You Name It by operation of the expected or intended liability exclusion and Frederick Mutual Insurance Company has no duty to defend nor any duty to indemnify.

B. Alternatively, coverage for the Greens' Count II, Count III and Count IV is barred by the Policy expected or intended liability exclusion and Frederick Mutual Insurance Company has no duty to indemnify for these Counts.

C. Such further and additional relief as this Honorable Court deems just and appropriate.

## COUNT IV
## YOUR WORK AND PRODUCTS EXCLUSIONS FOR PROPERTY DAMAGE CLAIMS

57. Frederick Mutual incorporates the averments in Paragraphs 1 through 55 above as if the same were set forth herein at length.

58. The Policy expressly excludes coverage for property damage arising out of You Name It's work and/or property damage to You Name It's products.

59. The Greens' claims for: in excess of $40,000 of overpayments for work not performed; costs of repairing and redoing defective and non-code compliant work; costs of repairing or replacing portions of the home and fixtures damaged by water and the environment when You Name It allegedly abandoned the project during the winter leaving the home without heat, electricity, plumbing or an adequate roof building envelope; excess costs associated with bringing in a completion contractor to correct defective work and unperformed work; the Greens' labor completing contracted work; costs of removal of graffiti and debris left by You Name It all allegedly arise from You Name It's work and therefore coverage for the same is barred by the your work and/or products exclusions.

WHEREFORE, Plaintiff, Frederick Mutual Insurance Company respectfully requests that this Honorable Court enter judgment in its favor and issue the following declarations:

A. The Greens' claims against You Name It for: in excess of $40,000 of overpayments for work not performed; costs of repairing and redoing defective and non-code compliant work; costs of repairing or replacing portions of the home and fixtures damaged by water and the environment when You Name It allegedly abandoned the project during the winter leaving the home without heat, electricity, plumbing or an adequate roof building envelope; excess costs associated with bringing in a completion contractor to correct defective work and unperformed work; the Greens' labor completing contracted work; costs of removal of graffiti and debris left

by You Name It all allegedly arise from You Name It's work and therefore coverage for the same is barred by the your work and/or products exclusions. Frederick Mutual Insurance Company has no duty to indemnify for any of these claims.

B. Such further and additional relief as this Honorable Court deems just and appropriate.

## COUNT V
## DELAY OR ABANDONMENT EXCLUSION

60. Frederick Mutual incorporates the averments in Paragraphs 1 through 58 above as if the same were set forth herein at length.

61. The Policy excludes coverage for damages arising from delay or abandonment of work.

62. Coverage for the Greens' claims for: costs of repairing or replacing portions of the home and fixtures damaged by water and the environment when You Name It abandoned the project during winter leaving the home without heat, electricity, plumbing or an adequate roof building envelope; excess costs associated with bringing in a completion contractor to finish unperformed work; additional costs of insurance required because of delay and/or abandonment; the Greens' labor completing contracted for work; additional rent paid for a temporary residence due to delay and/or abandonment; and loss of use and enjoyment of the home are all barred by the delay or abandonment exclusion.

WHEREFORE, Plaintiff, Frederick Mutual Insurance Company respectfully requests that this Honorable Court enter judgment in its favor and issue the following declarations:

A. The Greens' claims against You Name It for: costs of repairing or replacing portions of the home and fixtures damaged by water and the environment when You Name It abandoned the project during winter leaving the home without heat, electricity, plumbing or an

adequate roof building envelope; excess costs associated with bringing in a completion contractor to finish unperformed work; additional costs of insurance required because of delay and/or abandonment; the Greens' labor completing contracted for work; additional rent paid for a temporary residence due to delay and/or abandonment; and loss of use and enjoyment of the home are all barred by the delay or abandonment exclusion. Frederick Mutual Insurance Company has no duty to indemnify for any of these claims.

B. Such further and additional relief as this Honorable Court deems just and appropriate.

## COUNT VI
## PROPERTY DAMAGE

63. Frederick Mutual incorporates the averments in Paragraphs 1 through 61 above as if the same were set forth herein at length.

64. Economic loss does not constitute property damage under the Policy.

65. The Greens' claims for an overpayment in excess of $40,000 for work You Name It allegedly did not complete, costs of insurance required by the Defendant Bank on the home, uncompensated hours of the Greens' time and labor, rent paid for a temporary residence do not constitute property damage under the Policy and coverage for the same is not owed.

WHEREFORE, Plaintiff, Frederick Mutual Insurance Company respectfully requests that this Honorable Court enter judgment in its favor and issue the following declarations:

A. The Greens' claims against You Name It for an overpayment in excess of $40,000 for work You Name It allegedly did not complete, costs of insurance required by the Defendant Bank on the home, uncompensated hours of the Greens' time and labor, rent paid for a temporary residence are not covered under the Policy. Frederick Mutual Insurance Company has no duty to indemnify for any of these claims.

B.       Such further and additional relief as this Honorable Court deems just and appropriate.

### COUNT VII
### POLLUTION EXCLUSION

66.     Frederick Mutual incorporates the averments in Paragraphs 1 through 64 above as if the same were set forth herein at length.

67.     The Policy excludes coverage for claims for ""bodily injury" or "property damage" arising out of the actual, alleged, or threatened discharge, dispersal, seepage, migration, release, or escape of "pollutants":… which are or were at any time transported, handled, stored, treated, disposed of, or processed as waste by or for any "insured"… or at or from any premises, site, or location where any "insured" or any contractor or subcontractor, directly or indirectly under "your" control, is working…"

68.     The Policy defines "pollutants" as, "any solid, liquid, gaseous, thermal, or radioactive irritant or contaminant, including acids, alkalis, chemicals, fumes, smoke, soot, vapor, and waste. Waste includes materials to be disposed of as well as recycled, reclaimed, or reconditioned."

69.     The Greens' claims for costs of debris removal is a claim for removal of pollutants for which coverage is barred by the pollution exclusion of the Policy.

70.     The dust which allegedly activated Mrs. Green's allergies is a pollutant.

71.     The Greens' claims for activation of Mrs. Green's allergies to dust are barred from coverage by operation of the pollution exclusion.

WHEREFORE, Plaintiff, Frederick Mutual Insurance Company respectfully requests that this Honorable Court enter judgment in its favor and issue the following declarations:

A.   The Greens' claims against You Name It for debris removal and activation of Mrs. Green's allergies to dust are not covered under the Policy. Frederick Mutual Insurance Company has no duty to indemnify for these claims.

B.   Such further and additional relief as this Honorable Court deems just and appropriate.

## COUNT VIII
## BODILY INJURY

72.   Frederick Mutual incorporates the averments in Paragraphs 1 through 70 above as if the same were set forth herein at length.

73.   The definition of "bodily injury" "does not include mental or emotional injury, suffering, or distress that does not result from a physical injury."

74.   The Greens' claims for anxiety, depression, insomnia, and emotional distress does not result from a physical injury.

75.   As a result, the Greens' claim for anxiety, depression, insomnia, and emotional distress are not covered under the Policy.

WHEREFORE, Plaintiff, Frederick Mutual Insurance Company respectfully requests that this Honorable Court enter judgment in its favor and issue the following declarations:

A.   The Greens' claims against You Name It for anxiety, depression, insomnia, and emotional distress are not covered under the Policy. Frederick Mutual Insurance Company has no duty to indemnify for these claims.

B.   Such further and additional relief as this Honorable Court deems just and appropriate.

## COUNT IX
## MOLD EXCLUSION

76. Frederick Mutual incorporates the averments in Paragraphs 1 through 74 above as if the same were set forth herein at length.

77. Endorsement AP06890602 to the Policy excludes coverage for bodily injury and/or property damage "that results directly or indirectly from ingestion of, inhalation of, physical contact with, or exposure to… mildew and mold…"

78. The Greens' claim for activation of Mrs. Green's allergies to mold is barred from coverage by the mold exclusion in the Policy.

WHEREFORE, Plaintiff, Frederick Mutual Insurance Company respectfully requests that this Honorable Court enter judgment in its favor and issue the following declarations:

A. The Greens' claims against You Name It for activation of Mrs. Green's allergies to mold are not covered under the Policy. Frederick Mutual Insurance Company has no duty to indemnify for this claim.

B. Such further and additional relief as this Honorable Court deems just and appropriate.

## COUNT X
## DEFENSE COSTS REIMBURSEMENT

79. Frederick Mutual incorporates the averments in Paragraphs 1 through 77 above, as if the same were set forth herein at length.

80. Endorsement AP 08590411 to the Policy states in part, "if "we" defend against a suit or "we" pay for an "insured's" defense, and "we" later determine that the suit is not covered, "we" have the right to be reimbursed for the defense costs "we" have incurred. However, under this provision, "our" right to be reimbursed for defense costs applies only to such costs that "we"

incur after "we" give "you" written notice that the suit may not be covered and that "we" are reserving "our" rights to end the defense coverage and to seek reimbursement for defense costs."

81.   Frederick Mutual reserved rights and advised You Name It that coverage was not owed before retaining defense counsel for You Name It.

82.   Frederick Mutual is entitled to full reimbursement from You Name It of all costs incurred in the defense of You Name It.

WHEREFORE, Frederick Mutual Insurance Company respectfully requests that judgment be entered in its favor and against Defendants Zac Dray, David Hogue, and Kenneth Anderson jointly and severally in the amount expended by Frederick Mutual Insurance Company in the defense of them in the underlying action.

Respectfully submitted,

PION, NERONE, GIRMAN, WINSLOW & SMITH, P.C.

By: /s/Michael F. Nerone

Michael F. Nerone
PA ID # 62446
1500 One Gateway Center
Pittsburgh, PA  15222
412-281-2288
412-281-3388 (fax)
mnerone@pionlaw.com

Counsel for Plaintiff, Frederick Mutual Insurance Company

Date:  November 8, 2019